IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA LEE VINSON SR,

                      Plaintiff,

    v.                                                        ORDER

MARK F. NIELSEN,                              20-cv-719-wmc[1]

                      Defendant.

---

        Plaintiff Joshua Lee Vinson, Sr., proceeding without counsel, alleged that the judge who presided over his 2019 criminal trial in Racine County violated his constitutional rights by allowing the prosecutor to add two charges on the first day of trial. I denied Vinson leave to proceed and dismissed this case because defendant Judge Mark F. Nielsen was entitled to absolute immunity for his rulings in the criminal case and because Vinson's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 19. Vinson now seeks reconsideration of my ruling under Federal Rule of Civil Procedure 59(e), and he requests leave to file an amended complaint against Judge Nielsen based on "newly discovered evidence." Dkt. 21. I will deny the motion.

        A Rule 59(e) motion "will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th

---

[1] I am exercising jurisdiction over this case for purposes of initial screening only.

Cir. 2012)). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). Where a plaintiff has not been afforded an opportunity to amend his complaint before a judgment of dismissal, his post-judgment motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that the court "should freely give leave when justice so requires." *See O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 628-29 (7th Cir. 2020). But a court may deny leave to amend if amendment would be futile. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022).

Vinson gives me no reason to revisit my ruling and allow him to amend the complaint. He provides as "newly discovered evidence" his Racine County Jail booking sheet indicating that he was charged with a child sex crime in January 2018 that the district attorney declined to prosecute. Dkt. 22-1. Vinson alleges that he was detained at the jail and tried for and convicted of this "nonexistent crime," and that defendant Judge Nielsen acted as a "de facto prosecutor," and sentenced him "without fundamental jurisdiction" or "due process" for the "nonexistent crime." Dkt. 21 at 3.

Vinson does not provide a proposed amended complaint with his Rule 59(e) motion as required to allow me to consider the merits of his post-judgment request for leave to amend. *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994). A court may deny a request for leave to amend on this basis alone. *See, e.g.*, *Doe v. Village of Arlington Heights*, 782 F.3d 911, 919 (7th Cir. 2015) (concluding that, without a proposed amended complaint, the court was "unable to meaningfully evaluate whether the proposed

amendment would have cured the deficiencies in the original complaint"); *Doe v. Howe Military Sch.*, 227 F.3d 981, 989-90 (7th Cir. 2000).

But even if Vinson had included the proposed amended complaint, it would not change the result. Vinson's booking sheet shows that although the charge of first-degree sexual assault of a child was initially declined by the prosecution, Vinson was convicted of a similar charge, and other charges, later filed in 2019. None of Vinson's allegations change the fact that Judge Nielsen had jurisdiction over Vinson's state-court criminal proceeding as the presiding judge and he has absolute immunity for his judicial decisions in that proceeding. *See Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016) (judges are entitled to absolute immunity for challenged actions that are "judicial in nature"). A further problem with Vinson's complaint is that a writ of habeas corpus, not a civil rights lawsuit, is the appropriate remedy for state prisoners who attack the validity of their convictions. *Wallace v. Kato*, 549 U.S. 384, 392 (2007). Vinson is therefore not entitled to relief under Rule 59(e). Nor does justice require that he be allowed to amend his complaint.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration, Dkt. 21, is DENIED.

Entered May 10, 2024.

BY THE COURT:

/S/_____
JAMES D. PETERSON
District Judge